JS 44 (Rev. 06/17)

**CIVIL COVER SHEET**

18-cv-659

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**
Lisa Plaza

**DEFENDANTS**
Philadelphia City Controller & Rebecca Rhynhart

**(b)** County of Residence of First Listed Plaintiff: Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Anthony L. Cianfrani, Esquire
Cianfrani Law, LLC
Suite 402, 3625 I Street
Philadelphia, PA 19134
215-922-1241

Attorneys *(If Known)*

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice / ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 196 Franchise | | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment / ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/Accommodations / ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education / ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | ☐ 555 Prison Condition | | | |
| | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

**V. ORIGIN** *(Place an "X" in One Box Only)*
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 USC 1983
Brief description of cause: Wrongful Termination based upon Plaintiff's Political Association.

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $ 250,000.00
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** *(See instructions)*
JUDGE: Hon. Joel Slomsky
DOCKET NUMBER: 18-0279

DATE: 2-15-18
SIGNATURE OF ATTORNEY OF RECORD: [signature]

FEB 15 2018

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

**18    659**

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: _Apt 304, 2375 Woodward Street Philadelphia PA 19115_

Address of Defendant: _Suite 1230, 1401 John F. Kennedy Blvd. Philadelphia, PA 19121_

Place of Accident, Incident or Transaction: _The City of Philadelphia_
(Use Reverse Side For Additional Space)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))    Yes☐   No☑

Does this case involve multidistrict litigation possibilities?    Yes☐   No☑

RELATED CASE, IF ANY:
Case Number: _18-0279_    Judge _SLOMSKY_    Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?    Yes☐   No☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court? _See 18-0279 Frank Oliver, JR v. Rebecca Rynhart_    Yes☑   No☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?    Yes☐   No☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?    Yes☐   No☑

---

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. Federal Question Cases:
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☑ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
(Please specify) _____

B. Diversity Jurisdiction Cases:
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
(Please specify) _____

---

**ARBITRATION CERTIFICATION**
(Check Appropriate Category)

I, _Anthony L. Cianfrani_, counsel of record do hereby certify:

☑ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
☑ Relief other than monetary damages is sought.

DATE: _2-15-18_    _[signature]_ Attorney-at-Law    _45866_ Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

---

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _2-15-18_    _[signature]_ Attorney-at-Law    _45866_ Attorney I.D.#

FEB 15 2018

CIV. 609 (5/2012)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

LISA PLAZA : CIVIL ACTION
v. :
REBECCA RYNHART : NO. 18 659

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. (X)

2-15-18   Anthony L. Cianfrani, Esq.   PLAINTIFF: LISA PLAZA
**Date**   **Attorney-at-law**   **Attorney for**

215-922-1241   215-207-9692   Anthony.Cianfrani@gmail.com
**Telephone**   **FAX Number**   **E-Mail Address**

(Civ. 660) 10/02

FEB 15 2018

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LISA PLAZA | ) | |
| Plaintiff | ) | Civil Action No.: |
| | ) | 18  659 |
| vs. | ) | |
| | ) | |
| REBECCA RHYNHART | ) | |
| Defendant | ) | |

JURY TRIAL DEMANDED

**CIVIL COMPLAINT**

FILED FEB 15 2018
KATE BARKMAN, Clerk
By_____ Dep. Clerk

JURISDICTION

1. Jurisdiction in this matter is based upon 42 U.S.C. 1983; 28 U.S.C 1331 & 1343 & (a)(4).

PARTIES

2. Plaintiff Lisa Plaza is an adult individual residing at Apartment 304, 2375 Woodward Street, Philadelphia, Pennsylvania 19115. She is a citizen of the United States of America and a resident of the Eastern District of Pennsylvania.

3. Defendant Rebecca Rhynhart is an adult individual with a principal place of business at 1230 Municipal Services Building, 1401 John F. Kennedy Boulevard Philadelphia, Pennsylvania 19102.

4. Defendant Rebecca Rhynhart is being sued in her individual and official capacity. At all times relevant hereto, she was the elected Controller of the City of Philadelphia.

5. At all times relevant hereto, Defendant was acting under color of law, to wit: under color of the statutes, ordinances, regulations, policies, customs, and usages of the Commonwealth of Pennsylvania and the City of Philadelphia.

## FACTS

6. During the period from April 25, 2001 to December 28, 2017, Plaintiff Lisa Plaza, was a salaried employee of the Office of the Philadelphia City Controller. Her final position was Assistant to the Contract Compliance Officer, which required her to prepare, review and approve documents for the Contract Compliance Officer.

7. Prior to her discharge, as described herein below, Plaintiff Lisa Plaza performed her duties in a professional and proficient manner. She received positive performance evaluations and had a good attendance record.

8. Plaintiff Lisa Plaza did not make policy for the Office of the Philadelphia City Controller.

9. In the performance of her duties as Assistant to the Contract Compliance Officer for the Office of the City Controller of the City of Philadelphia, Plaintiff Lisa Plaza did not establish a confidential relationship with the former elected City Controller. Moreover, Plaintiff Lisa Plaza was not a confidant of former City Controller, Alan Butkovitz.

10. Performance of the job duties of Assistant to the Contract Compliance Officer of the Office of the Philadelphia City Controller does not require the existence of a confidential relationship between the Contract Compliance Officer and the elected City Controller.

11. Performance of Plaintiff's job duties as Assistant to the Contract Compliance Officer of the Office of the Philadelphia City Controller did not require any particular political affiliation.

12. At all-time mentioned hereto, Plaintiff's father, Carlos Matos was the elected leader of the Philadelphia Democratic Party's 19th Ward Committee and the de-facto leader of the Philadelphia Democratic Party's 62nd Ward, Ward Committee.

13. Plaintiff's relation to, and association with, her father, Carlos Matos, did not enhance, impede or interfere with Plaintiff's performance of her duties as Assistant to the Contract Compliance Officer for the Office of the Philadelphia City Controller.

14. The Philadelphia County Democratic City Committee, including Carlos Matos, Leader of the 19th and 62nd Wards endorsed and supported Rebecca Rhynhart's opponent in May 16, 2017 Democratic Party Primary election for City Controller.

15. Carlos Matos engaged in constitutionally protected conduct when he, and the 19th and 62nd Ward Democratic Committees endorsed and supported Rebecca Rhynhart's opponent in the May 16, 2017 Democratic Party Primary election for City Controller.

16. Plaintiff Lisa Plaza Matos engaged in constitutionally protected conduct when she associated and affiliated with her father, Carlos Matos

17. Defendant Rebecca Rhynhart was the winner of the Democratic Party's May 16, 2017 Democratic Party Primary election for Controller of the City of Philadelphia.

18. Defendant Rebecca Rhynhart was the winner of the November 6, 2017, General Election for Controller of the City of Philadelphia.

19. Because Plaintiff Lisa Plaza is related to, and closely associated with her father, Ward Leader of the Democratic Party's 19th and 62nd Wards, Carlos Matos, at all times material hereto, Defendant Rebecca Rynhart treated Plaintiff's employment with the Office of the

City Controller of as being the product of Plaintiff's affiliation and association with a faction of the Philadelphia Democratic party labeled by some as "The Philadelphia Democratic Machine."

20. On or about December 13, 2017, Plaintiff received a voicemail from a person who identified herself as Heather Spangler. Ms. Spangler informed Plaintiff that she was calling on behalf of Defendant Rebecca Rhynhart and that Plaintiff was terminated from employment with the Office of the Philadelphia City Controller. Days later, Plaintiff received a letter, dated December 20, 2017 which also informed her that her employment had been terminated.

21. Plaintiff was terminated from her employment because Defendant associated and affiliated Plaintiff with the political actions, associations and affiliations of her father, Carlos Matos, and the Committees in which Carlos Matos held leadership positions.

22. Defendant Rebecca Rynhart has engaged in a practice and pattern of terminating the employment of persons closely associated with leaders or former leaders of the Philadelphia Democratic Party.

23. In carrying out her pattern of terminating the employment of persons closely associated with leaders or former leaders of the Philadelphia Democratic Party, Defendant Rhynhart terminated the employment of Frank Oliver, Jr., Lopez Jones and plaintiff herein Lisa Plaza

24. Plaintiff was terminated from her employment by Defendant because of her political affiliation and in violation of Plaintiff's constitutional rights as established by the First and Fourteenth Amendments to the United States Constitution, and 42 U.S.C. 1983.

25. The discharge of Plaintiff Lisa Plaza because of her political affiliation, was a violation of the First and Fourteenth Amendments to the United States Constitution and, therefore, a violation of 42 U.S.C § 1983.

26. The actions of the Defendant in firing Plaintiff Lisa Plaza, were intentional and undertaken in reckless disregard of her federally protected right not to have her position as Assistant to the Contract Compliance Officer conditioned upon an affiliation or disaffiliation with a faction of political party.

27. The actions of the Defendant were in conscious disregard of the constitutional rights of Plaintiff and deprived her, under color of state law, of belief and association under the First and Fourteenth Amendments to the Constitution of the United States.

28. As the direct and proximate result of the actions of the named Defendant as stated herein, Plaintiff Lisa Plaza has suffered and continues to suffer the following damages for which he seeks relief:

    a. Loss of annual salary of $52,700.00;

    b. Loss of employment benefits;

    c. Plaintiff seeks restoration of all lost salary and benefits to date;

    d. Plaintiff seeks reinstatement to her appointed position as Assistant to the Contracts Compliance Officer for the Office of the Philadelphia City Controller;

    e. Plaintiff seeks the costs and expenses of this litigation, and counsel fees pursuant to 42 U.S.C. 1988;

    f. Plaintiff seeks any other relief this Honorable Court deems appropriate, given the averments contained herein;

    g. A Jury trial is demanded.

BY: _____
**ANTHONY L. CIANFRANI, ESQUIRE**
State Attorney Id No.: 45866
**CIANFRANI LAW, LLC**
3525 "I" Street, Suite 404
Philadelphia, Pa 19134
(215) 922-1241 (phone)
(215) 209-9692 (fax)
anthony.cianfrani@gmail.com